UNITED STATES BANKRUPTCY COURT
For the Northern District of Illinois
Eastern Division

| | | |
|---|---|---|
| In re:  PEARLIE TURMAN, | ) | In a Chapter 13 proceeding |
| | ) | |
| Debtor(s), | ) | Docket No. 16 B 18304 |
| | ) | |
| PEARLIE TURMAN, | ) | Adversary No. 16 AP 555 |
| | ) | |
| Plaintiff(s), | ) | |
| v. | ) | |
| | ) | Judge Jack B. Schmetterer |
| VERIPRO SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant(s). | ) | Trustee Tom Vaughn |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**I.     FINDINGS OF FACT**

**A.  The Parties**

1. The Plaintiff is Pearlie Turman ("Plaintiff").

2. The Defendant is Veripro Solutions, Inc. ("Defendant")

**B.  Factual Background**

1. On or about That June 1, 2016, Plaintiff filed a voluntary petition pursuant to Chapter 13 of Title 11, United States Code;

2. Plaintiff owns real estate commonly known as 14513 South Wentworth Avenue, Riverdale, Illinois 60827;

3. That Home Servicing, LLC. holds a first mortgage lien on the real property commonly known as 14513 South Wentworth Avenue, Riverdale, Illinois 60827, with a secured claim of $25,865.71 pursuant to the proof of claim filed on October 21, 2016.

4. The Defendant holds a second mortgage lien on the real property known as 14513 South Wentworth Avenue, Riverdale, Illinois 60827 in the approximate amount of $29,514.20 pursuant to the proof of claim filed on September 28, 2016.

5. That the County of Cook holds a super-priority property tax lien in the amount of $20,398.94 per the Cook County Treasurer's website;

6. On August 25, 2016, Plaintiff obtained a property appraisal from 24/7 Real Estate, Inc., which indicates the value of 14513 South Wentworth Avenue, Riverdale, Illinois 60827 to be $37,299.00.

7. The modified Chapter 13 Plan filed on March 10, 2012, provides that the Plaintiff will make monthly payments of $503.00 per month for 60 months.

8. That under the Chapter 13 Plan, general unsecured creditors will be paid 2% of their allowed claims.

9. On September 2, 2016, Plaintiff filed a complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 14513 South Wentworth Avenue, Riverdale, Illinois 60827.

10. That on September 2, 2016, Plaintiff issued a summons which was served in accordant with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by certified mail, postage prepaid to an officer of the Defendant at Jay Bray, President of Veripro Solutions, Inc., 8950 Cypress Waters Blvd., Coppell, TX 75019, and via first class mail upon the registered agent at 801 Adlai Stevenson Drive, Springfield, Illinois 62703, and upon counsel listed in Defendant's proof of claim as the address where notices are to be sent, Veripro Solutions, Inc., PO Box 3572, Coppell, TX 75019.

11. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

12. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

13. No evidence has been present to challenge the property value of $37,299.00.

14. The first secured claim of Home Servicing LLC combined with the tax liens of Cook County, IL, total the amount of $46,264.65 and exhausts the value and equity in Plaintiff's residence.

15. There is no value and equity to support the claim of the Defendant.

## II. CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested Matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

1. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

2. The Debtor schedules the tax liens of the County of Cook, IL for $20,398.94.

3. The Debtor schedules the first secured claim of Home Servicing, LLC. in the amount of $25,865.71 and the second secured claim of Veripro Solutions, Inc. in the amount of $29,514.20.

4. That the value of Plaintiff's residence is $37,299.00.

5. "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." 11 U.S.C. § 506(d). If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. 11 U.S.C. § 349(b)(1)(c).

6. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. § 506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 344 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); IN re Lane, 280 F.3d 662 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357, (11th Cir. 2000).

DATE: _November 3, 2016_  ENTER: _[signature]_
NOV 03 2016                  JUDGE

Law Offices of Matthew Wildermuth
1900 West 75th Street.
Woodridge, IL 60517
A.R.D.C. 6291384
(630) 967-0653